**IN THE COURT OF APPEALS OF IOWA**

No. 17-0426
Filed May 17, 2017

IN THE INTEREST OF D.K. and I.K.,
Minor Children,

M.F., Mother,
    Appellant.

_____

    Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor,

District Associate Judge.


    A mother appeals from the order terminating her parental rights.

**AFFIRMED.**



    Matthew D. Hatch of Hatch Law Firm, P.C., Bettendorf, for appellant

mother.

    Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

    Marsha J. McDowell Arnold, Davenport, for minor children.



    Considered by Danilson, C.J., and Potterfield and Bower, JJ.  Tabor, J.,

takes no part.

**BOWER, Judge.**

A mother appeals from the order terminating her parental rights.[1]  She claims the State did not present sufficient evidence to support termination and termination is not in the children's best interests.  We find there was sufficient evidence to terminate her parental rights and termination is in the children's best interest.  Accordingly, we affirm.

## I.  Background Facts and Proceedings

D.K. was born in 2010, and I.K. was born in 2012.  The Iowa Department of Human Services (DHS) became involved with the family in December 2015.  DHS investigated allegations of child abuse, and hair tests of I.K. were positive for methamphetamine.  D.K.'s hair was too short to be tested.  The mother began a substance abuse treatment program, but she was unsuccessfully discharged.

In early February 2016, the children were found wandering in the street several blocks from the mother's apartment.  The mother agreed to a voluntary out-of-home placement on February 3 but revoked it six days later.  DHS asked for and received an ex parte removal order and the children remained out of the mother's care.  The children were adjudicated children in need of assistance (CINA) on February 19.

Visitation between the children and the mother began, and a transition plan was put in place, as the mother was progressing in recovery.  On March 29, the children were returned to the mother's care on a trial basis but were removed again less than a month later when I.K.'s hair test was again positive for methamphetamine.  D.K.'s hair was still too short to be tested.  The mother

---

[1] The children's father does not participate in this appeal.

returned to an inpatient substance abuse program but was again discharged before completing the program.

Following the removal in April, the mother stopped participating in services. She completed a substance-abuse evaluation but did not begin the substance-abuse program she intended to enter. She lost her apartment and was homeless for a period. The juvenile court found that while she did participate in visitation, "the visits have never gone very well and the mother's participation in the visits has been sporadic and generally she is unprepared, gets there late, and leaves early." Additionally, at one visit D.K. found drug paraphernalia and weapons while playing with the mother's purse.

The mother's therapist terminated their relationship after the mother failed to attend appointments. The mother then obtained a mental health evaluation from another provider. She also refused to comply with drug testing, missed parenting classes, and discharged herself against the advice of her counselors from yet another substance abuse treatment program.

The juvenile court held a termination hearing on March 2, 2017. The mother failed to attend. The order terminating her parental rights was entered on March 3. The mother now appeals.

## II. Standard of Review

The scope of review is de novo in termination cases. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusions drawn from the

evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We give weight to the juvenile court's findings of fact, we but are not bound by them. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The highest concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

The mother claims the evidence is not sufficient to support termination of her parental rights. When the juvenile court terminates a parent's rights on more than one ground, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). The mother's rights were terminated pursuant to Iowa Code section 232.116(1)(d) and (f) (2016). In order to terminate parental rights under section 232.116(1)(f), (1) the child must be four years old or older, (2) the child must have been adjudicated in need of assistance, (3) the child must have been removed from the home for at least twelve of the last eighteen months, or for the last twelve consecutive months with any period at home being less than thirty days, and (4) the child cannot be returned to the home as provided in section 232.102.

The mother claims the children were not out of her care for the required period of time. The children were placed out of the home on February 9, 2016. The children were placed back in the home for less than a month in March and April. The termination hearing was held March 2, 2017. The mother claims the total days the children were out of her care was less than 365 days. However, the statute does not require the children to be removed from the mother's home for 365 days. It only requires twelve months to have passed with any trial period at home being shorter than thirty days. Iowa Code § 232.116(1)(f)(3). The

children were removed in February and the mother's parental rights were terminated in March of the following year. We find twelve months had passed at the time of termination.

The mother also claims the children could have been returned to her at the time of the termination hearing. We find the mother's unresolved substance abuse and mental-health issues would constitute adjudicatory harm under section 232.102. Therefore, we find the juvenile court properly terminated the mother's rights under section 232.116(1)(f).

## IV. Best Interest

The mother finally claims termination of her parental rights is not in the children's best interest. She claims the children's bond with her is so strong that termination "at this point can cause long term damage to the children's mental and emotional health." After finding a ground for termination exists, we are to "consider the factors under section 232.116(2). Section 232.116(2) requires us to give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (internal quotation marks and citations omitted).

The children were removed from the mother due to her substance abuse, which she consistently denied despite positive drug tests. She has failed many substance-abuse programs, has not addressed her mental-health issues, and did not demonstrate an understanding of appropriate behavior during visitation with the children. A suitable placement has been found and the children will be placed with a family the home study described as "upstanding citizens, with a

strong marriage and excellent parenting skills." The mother has been given services and chose not to utilize them. She has consistently failed to address the substance-abuse and mental-health issues she has faced since the inception of the case. Any emotional distress termination would cause the children is far outweighed by the opportunity for stability and emotional and physical nurturing a new placement offers them. Termination is in the best interests of the children.

**AFFIRMED.**